**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CITRUS CONTRACTING LLC
a/a/o U Stor Blanding LLP,

      Plaintiff,

vs.
                                  Case No. 3:19-cv-1077-J-34PDB

MT. HAWLEY INSURANCE COMPANY,

      Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On September 16, 2019, Defendant RLI Insurance Company (RLI), the sole defendant at the time, filed Defendant's Notice of Removal (Doc. 1; Notice) removing this case to the United States District Court for the Middle District of Florida. See generally

Notice. In support of removal, RLI invoked federal diversity jurisdiction, and alleged facts demonstrating that Plaintiff Citrus Contracting LLC is a citizen of Florida, RLI is a citizen of Illinois, and the amount in controversy exceeds $75,000. See Notice ¶¶ 1, 2, 5. Accordingly, at the time of removal, RLI alleged sufficient facts to establish the Court's diversity jurisdiction over this action.

Following removal, Plaintiff determined that it had sued the wrong entity and sought leave to amend its Complaint (Doc. 3) to name Mt. Hawley Insurance Company as the sole defendant in this action. See Unopposed Motion for Leave to Amend Complaint (Doc. 14; Motion to Amend). RLI did not oppose this request, and on December 11, 2019, the Magistrate Judge granted Plaintiff leave to amend. See Endorsed Order (Doc. 16). Accordingly, on December 11, 2019, Plaintiff filed the Amended Complaint & Demand for Jury Trial (Doc. 17; Amended Complaint) asserting a claim for breach of contract against Mt. Hawley Insurance Company alone. See generally Amended Complaint. Notably, neither Plaintiff's Motion to Amend, nor the Amended Complaint address a basis for this Court's subject matter jurisdiction over the Amended Complaint. Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Indeed, 28 U.S.C. § 1447(e) provides that: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Accordingly, the Court must determine whether the joinder of Mt. Hawley Insurance Company has destroyed the Court's subject matter jurisdiction over this action.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. In the Amended Complaint, Plaintiff alleges that Defendant Mt. Hawley Insurance Company was "a corporation duly licensed to transact insurance business in the State of Florida." See Amended Complaint ¶ 3. For the purposes of establishing diversity jurisdiction, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of a corporation, a party must identify its states of incorporation and principal place of business. See Rolling Greens MHP, L.P. v Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004); 28 U.S.C. § 1332(c)(1). Because Plaintiff does not identify Mt. Hawley Insurance Company's principal place of business or its states of incorporation, the Court does not have the facts necessary to establish its subject matter jurisdiction over this case. In light of the foregoing, the Court will direct Plaintiff to file a notice properly identifying Defendant Mt. Hawley Insurance Company's citizenship. Accordingly, it is

**ORDERED**:

Plaintiff shall have up to and including **January 3, 2019**, to file a notice identifying Defendant Mt. Hawley Insurance Company's citizenship.

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of December, 2019.

MARCIA MORALES HOWARD
United States District Judge

3

lc11
Copies to:

Counsel of Record
Pro Se Parties